**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**RON KIRK THOMPSON (#11262)**                    **CIVIL ACTION NO.**

**VERSUS**                                                            **26-387-SDD-EWD**

**RANDY SMITH, ET AL.**

## ORDER

Plaintiff Ron Kirk Thompson ("Thompson"), who is confined at the St. Tammany Parish Jail and who is representing himself, filed this suit under 42 U.S.C. § 1983 against Randy Smith, the St. Tammany Parish Sheriff, and various individuals who appear to work at the St. Tammany Parish Courthouse and/or for the "St. Tammany Covington Police Department." Thompson alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.[1]

Under 28 U.S.C. §§ 1391(b)(1) and (2), and 28 U.S.C. §§ 1404(a) and 1406(a), a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to a court of proper venue. Thompson alleges that Sheriff Randy Smith has allowed "his deputies" at the St. Tammany Parish Jail to violate Thompson's constitutional rights.[2] The State of Louisiana is divided into three federal judicial districts. Because the facts underlying Thompsons's complaints arose in St. Tammany Parish, which is within the United States District Court for the Eastern District of Louisiana, and because the defendants and any witnesses are likely also in the Eastern District of Louisiana, it is proper, for the convenience of the parties and in the interest of justice, to transfer this case to that court. Accordingly,

---

[1] R. Doc. 1. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 1. Thompson details numerous interactions with various individuals he has had at the St. Tammany Parish Jail. Thompson also takes issue with the revocation of his parole, which also occurred in St. Tammany Parish. R. Doc. 1, pp. 7-8.

**IT IS ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana on the Court's own motion.[3]

**IT IS FURTHER ORDERED** that ruling on the pending motions is **DEFERRED** for consideration in the Eastern District of Louisiana.[4]

Signed in Baton Rouge, Louisiana, on May 19, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] A court may transfer venue *on its own motion. Jarvis Christian College v. Exxon Corp*., 845 F.2d 523, 528 (5th Cir. 1988).

[4] R. Docs. 2 (Motion to Proceed In Forma Pauperis), 3 (Motion to Summons).